**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JACK WILKINS**, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 6:12-CV-01363-JAR-KMH |
| **KANSAS DEPARTMENT OF LABOR**, *et al*., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Jack Wilkins filed this *pro se* civil action against the Kansas Department of Labor and the Kansas Employment Security Board of Review ("Review Board"), challenging a decision by the Review Board denying Plaintiff's claim for unemployment benefits under Kansas law. Before the Court is Defendants' Motion to Dismiss (Doc. 5) for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court grants Defendants' motion to dismiss.

**I.      Legal Standard**

There are two statutory bases for federal subject matter jurisdiction. First, diversity jurisdiction is governed by 28 U.S.C. § 1332(a)(1), which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of different states." Second, under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States," or federal question jurisdiction. In addition, if the Court has

federal question or diversity jurisdiction over some claims, it may exercise supplemental jurisdiction over state law claims.[1]  A court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.[2]  The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[3]  "Thus, plaintiff bears the burden of showing why the case should not be dismissed."[4]  Mere conclusory allegations of jurisdiction are not enough.[5]

Generally, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack.  "First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint.  In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."[6]  "Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.  When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations.  Here, Defendants raise a facial challenge to subject matter jurisdiction, so the Court accepts as true the jurisdictional allegations in Plaintiff's Complaint.

Because plaintiff is a *pro se* litigant, the court must construe his pleadings liberally and

---

[1] 28 U.S.C. § 1367.

[2] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[3] *Montoya*, 296 F.3d at 955.

[4] *Harms v. IRS*, 146 F. Supp. 2d 1128, 1130 (D. Kan. 2001).

[5] *United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[6] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)) (internal citations omitted).

apply a less stringent standard than that which is applicable to attorneys.[7] However, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[8] The court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[9] Additionally, a *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[10]

## II.   Discussion

Defendants seek dismissal for lack of subject matter jurisdiction because there is no diversity jurisdiction and because Plaintiff's claims are barred by the Eleventh Amendment. Plaintiff also argues that the Complaint fails to state a claim upon which relief can be granted. Because the Court finds that it lacks jurisdiction, it need not proceed to determine whether Plaintiff's Complaint states a plausible claim for relief under Fed. R. Civ. P. 12(b)(6).

### A.   Diversity Jurisdiction

Liberally construing the allegations in Plaintiff's form Complaint, he seeks access to certain information from the Department of Labor and review of a decision by the Review Board. He does not assert a federal claim, so there is no basis for him to assert federal question

---

[7]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[8]*Id.*

[9]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

[10]*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)(insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

jurisdiction under 28 U.S.C. § 1331.[11]  On the form Complaint, Plaintiff invokes the Court's diversity jurisdiction.  "To sustain diversity jurisdiction there must exist an 'actual', 'substantial', controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side."[12]  "There is no question that a State is not a 'citizen' for purposes of diversity jurisdiction. . . .  At the same time, however, . . . a political subdivision of the State, unless it is simply the arm or alter ego of the State, is a citizen of the State for diversity purposes."[13]  Plaintiff is a citizen of Kansas.  Defendant Kansas Department of Labor, is an arm of the State of Kansas.[14]  Defendant Review Board is also an arm of the State of Kansas.[15]  Because the matter is plainly not between citizens of different states, this Court lacks diversity jurisdiction over Plaintiff's state law claims.[16]

### B. Eleventh Amendment

Plaintiff's claim is also barred by the Eleventh Amendment.  The Supreme Court has

---

[11]Plaintiff suggests in his response to the motion to dismiss that his claim is a due process challenge.  But even construing Plaintiff's Complaint liberally, he does not assert this claim in the Complaint.  To the extent he alleges a claim under 42 U.S.C. § 1983 for a violation of his Fourteenth Amendment right to due process, it is barred by the Eleventh Amendment as described in the next section.

[12]*City of Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63, 69 (1941) (citations omitted).

[13]*Moor v. Alameda Cnty.*, 411 U.S. 693, 718 (1973) (footnote omitted).

[14]*See* K.S.A. § 75-5701; *see also Lewis v. Kan. Dep't of Revenue*, 380 F. Supp. 2d 1211, 1213 (D. Kan. Aug. 4, 2005).

[15]Defendant Review Board is comprised of three members, two of which are appointed by the governor and one of which is a public representative member.  They must be confirmed by the Kansas Senate.  *See* K.S.A. § 44-709(f); *see also Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000) ("To determine whether an entity is an arm of the state . . . 'the court first examines the degree of autonomy given to the agency, as determined by the characterization of the agency by state law and the extent of guidance and control exercised by the state.  Second, the court examines the extent of financing the agency receives independent of the state treasury and its ability to provide for its own financing.'") (quoting *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569 (10th Cir. 1996)).  Even if the Court found that the Review Board was a political subdivision of Kansas, rather than an arm of the state, it would be a citizen of Kansas, thus destroying diversity between these parties.

[16]*Postal Tele. Cable Co. v. Alabama*, 155 U.S. 482, 487 (1894).

repeatedly explained that the Constitution does not contemplate federal jurisdiction over suits against nonconsenting states.[17] Under the Eleventh Amendment, states are immune from suit in federal court, even by its own citizens, "unless (1) the state consents to the suit, or (2) Congress validly abrogates the states' immunity."[18] The State of Kansas has not consented to suit under §§ 1983 or 1985, nor has Congress abrogated the states' immunity from those suits.[19] Arms of the state are also immune from suit under the Eleventh Amendment.[20] As discussed above, Defendants are considered arms of the State of Kansas. Thus, sovereign immunity shields them from suit.

Plaintiff seeks injunctive relief, specifically, access to certain information and review of a Review Board decision. There is an exception to the general rule of sovereign immunity under the doctrine announced in *Ex Parte Young*,[21] where an individual seeking only prospective injunctive relief for ongoing violations of federal law may bring suit against state officials in federal court.[22] The reasoning behind the *Ex Parte Young* exception is that if an official has performed his duties in a way that contravenes either the Constitution or a federal law, he does so

---

[17]*Hans v. Louisiana*, 134 U.S. 1, 10 (1890); *Hill v. Kemp*, 478 F.3d 1236, 1255–56 (10th Cir. 2007).

[18]*Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54–55 (1996); *Nelson v. Geringer*, 295 F.3d 1082, 1096 (10th Cir. 2002).

[19]*Winters v. Kan. Dep't of Soc. & Rehab. Servs.*, No. 10-2181-JAR-DJW, 2011 WL 166708, at *9 (D. Kan. Jan. 19, 2011) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989)*; Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 & n.13 (10th Cir. 1998)).

[20]*Lewis*, 380 F. Supp. 2d at1213 (finding Kansas Department of Labor is an arm of the state and immune from suit under the Eleventh Amendment).

[21]209 U.S. 123, 159-60 (1908).

[22]*See Chaffin v. Kan. State Fair Bd.*, 348 F.3d 850, 856 (10th Cir. 2003) (reviewing exceptions to general rule of immunity).

5

outside the cloak of state authority, thus a suit against him does not impact the State in its sovereign or governmental capacity.[23] The Tenth Circuit follows a four-part test to determine whether the *Ex Parte Young* doctrine should be applied:

> First, we determine whether the action is against state officials or the state itself. Second, we look at whether the alleged conduct of the state officials constitutes a violation of federal law. Third, we assess whether the relief sought is permissible prospective relief or analogous to a retroactive award of damages impacting the state treasury. Finally, we analyze whether the suit rises to the level of implicating "special sovereignty interests."[24]

The *Ex Parte Young* doctrine does not apply here because Plaintiff does not assert any official capacity claims against state officials, he only names agencies that are considered arms of the state. Therefore, Plaintiff's claims must be dismissed based on Eleventh Amendment immunity.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 5) is **granted**. This case is dismissed without prejudice for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: February 14, 2013

                                                 S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE

---

[23] *Id.* at 866.

[24] *Id.* (quoting *Robinson v. Kansas*, 295 F.3d 1183, 1191 (10th Cir. 2002)).